# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| James Randall Brawner,         )<br>                                              )<br>              Plaintiff,    )<br>                                              )<br>vs.                                          )<br>                                              )<br>Leroy Cartledge; Steven Lewis; J. Parker;  )<br>Frank Mursier; Harrison; James Sligh;     )<br>Dennis Patterson, all sued in their          )<br>individual capacities,                       )<br>                                              )<br>             Defendants.   )<br>                                              )<br>                                              )<br>_____) | No. 5:12-cv-1889-RMG<br><br>**ORDER** |

  This matter comes before the Court on Plaintiff James Randall Brawner's motion for a preliminary injunction, filed August 20, 2012. His underlying complaint alleges violations of his constitutional rights, and was brought pursuant to 42 U.S.C. § 1983. (Dkt. No. 1). In this motion, Plaintiff requests "to be placed in another" unit of the Perry Correctional Facility on the ground that he is currently being denied access to the courts due to certain shortcomings in his current unit's law library facility. (Dkt. No. 20). On November 5, 2012, Defendants filed a response opposing the motion. (Dkt. No. 37).

### Background

  Pursuant to 28 U.S.C. § 636(b)(1)B) and Local Rule 73.02(B)(2)(e), D.S.C., this matter was initially addressed by a Magistrate Judge. On December 3, 2010, the Magistrate Judge issued a Report and Recommendation recommending that the motion for a preliminary injunction be denied. (Dkt. No. 40). On December 3, 2010, Plaintiff untimely filed his reply to Defendants' response.

(Dkt. No. 44). Plaintiff did not, however, timely file any objection to the Report and Recommendation.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–271 (1976). The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

Preliminary injunctions are, of course, "extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy, Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001). In evaluating Plaintiff's request for a preliminary injunction, the Court applies the standard set forth under *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). *See Scott v. Padula*, No. 0:09-cv-3240, 2009 WL 2579464, at *1 (D.S.C. Aug. 18, 2009) (clarifying that *Winter* offers the correct standard for reviewing a motion for a preliminary injunction). Under that standard, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20. A plaintiff must meet all four of *Winter*'s requirements in order to secure a preliminary injunction. *Scott*, 2009 WL 2579464, at *1.

## Discussion

Plaintiff has failed to meet *Winter*'s requirements for securing a preliminary injunction. First, because Plaintiff has not shown a cognizable injury due to the alleged violation, the Court concludes that Plaintiff has not demonstrated that he is likely to succeed on the merits of his access-to-the-

courts claim, and further concludes that he has not shown that he is likely to suffer irreparable harm absent preliminary relief. "In order to establish a violation of his right to access to the courts, an inmate must demonstrate with some specificity that this right was interfered with, and must also show that this interference with his rights resulted in some sort of actual injury." *Joe v. Ozmint*, No. 2:08-cv-585, 2008 WL 5076858, *10 (D.S.C. Nov. 21, 2008) (citation omitted); *see Lewis v. Casey*, 518 U.S. 343, 348 (1996) (defining "actual injury" as "actual prejudice with respect to contemplated or existing litigation, such as inability to meet a filing deadline or present a claim"). In particular, the Supreme Court has expressly disclaimed the notion that the State has a duty to "enable the prisoner . . . to *litigate effectively* once in court." *Lewis*, 518 U.S. at 354 (emphasis in original).

Plaintiff argues that the law library's facilities are inadequate such that they require him to "litigate in the blind." (Dkt. No. 44). He specifically complains that the books are old, library staff is ineffective, photocopies are rarely made, pens run out of ink, and a notary is not consistently available. (Dkt. Nos. 20, 44). These allegations do not rise to the level of actual injury set forth by the Supreme Court in *Lewis*, so Plaintiff has not shown that he is likely to succeed on his claim. *Cf. Porcher v. Mass. Dep't of Corr.*, 7 F.3d 218, 1993 WL 372748, at *2 (1st Cir. 1993);*Weersing v. Cartledge*, No. 8:09-cv-88, 2010 WL 4004931, at *2 (D.S.C. 2010) (stating that the actual injury requirement was not met when prisoner alleged that "he is not allowed enough time to research in the [prison's] law library, he is being denied paper and copies, and his legal mail is delayed").

Second, and similarly, Plaintiff has not demonstrated that he is likely to suffer irreparable harm absent preliminary relief. "In order to demonstrate a sufficient threat of irreparable harm to warrant some form of injunctive relief, plaintiff would have to present evidence that would show that the events complained of could, if left unremedied, cause him to lose this action." *King v.*

*McDonald*, No. 2:10-cv-2797, 2011 WL 6100403, at *2 (E.D. Cal. Dec. 7, 2011). Plaintiff has not offered any evidence that the alleged shortcomings in the prison's law library will cause him such irreparable injury.

Because Plaintiff has failed to allege an injury sufficient to support his access-to-the-courts claim, and given the wide discretion State officials generally have in deciding where to house inmates, the Court also concludes that Plaintiff has failed to establish the remaining two requirements of *Winter*: that the balance of equities tips in his favor and that granting the injunction is in the public interest. *See Winter*, 555 U.S. at 20. "Only in extreme situations . . . would a federal court have the authority to order a State to transfer a prisoner." *Moore v. Tillman*, No. 3:07-cv-3209, 2008 WL 4442593, at *9 (D.S.C. Sept. 25, 2008). Plaintiff has not shown that such an "extreme situation[]" is present here. *Id.*

## Conclusion

After a thorough review of the record in this case and the controlling law, the Court DENIES Plaintiff's motion for a preliminary injunction. The Court refers the case, including all outstanding motions, back to the Magistrate Judge.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

Charleston, South Carolina
December 28, 2012