IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Randall Brawner, ) | |
| ) | C/A No: 5:12-cv-01889-RMG-KDW |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| Leroy Cartledge; Steven Lewis; J. Parker; ) | |
| Frank Mursier; Harrison; James Sligh; ) | |
| Dennis Patterson; all sued in their ) | |
| individual capacities, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, proceeding pro se and *in forma pauperis*, brought this action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. This matter comes before the court on Plaintiff's Motion to Amend/Correct Complaint, ECF No. 42, Motion to Compel, ECF No. 45, and Motion for Extension of Time to Complete Discovery, ECF No. 46. Defendants filed responses opposing Plaintiff's Motion to Amend and Plaintiff's Motion to Compel. ECF Nos. 47, 50. Defendants did not file a response to Plaintiff's Motion for Extension of Time. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in prisoner petitions filed under 42 U.S.C. § 1983.

**Motion to Amend/Correct Complaint (ECF No. 42)**

Plaintiff filed an Amended Complaint on December 3, 2012, which was construed by the Court as a Motion to Amend/Correct Complaint. ECF No. 42. Defendants oppose this motion arguing Plaintiff's motion was filed after the November 19, 2012 deadline in the scheduling order for the filing of motions to amend pleadings. ECF No. 47 at 1. Defendants further argue

that Plaintiff "has not presented 'extraordinary circumstances' to justify amendment beyond the November 19, 2012 deadline established by the Court." *Id.* at 2.

Rule 15(a) provides that a party may amend its pleadings by leave of court or by written consent of the adverse party and that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Upholding the letter and the spirit of this rule, "leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (emphasis in original); *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) (noting courts favor "resolution of cases on their merits.").

The undersigned has reviewed Plaintiff's Amended Complaint and notes that it does not seek to add new defendants or new causes of action. Instead, Plaintiff seeks to supplement the allegations made in his original Complaint. Although Defendants object to this amendment, they do not contend that the amendment would be futile, prejudicial to them, or that it was made in bad faith. Considering the letter and spirit of Fed. R. Civ. P 15(a), Plaintiff's Motion to Amend, ECF No. 42, is granted. The Clerk of Court is instructed to file Plaintiff's proposed Amended Complaint, ECF No. 42, as the operative complaint in this case. Defendants are granted 21 days from the date of this Order to review the Amended Complaint and to supplement their Answer, ECF No. 29, if they deem it advisable to do so.

## **Motion to Compel (ECF No. 45) and Motion for Extension of Time to Complete Discovery (ECF No. 46)**

Plaintiff filed a Motion to Compel on December 14, 2012, asking the court to direct Defendants to respond to his discovery requests. ECF No. 45. Plaintiff included the text of his

discovery requests in his motion. *Id.*  Defendants object to Plaintiff's motion to compel arguing that Plaintiff's motion is improper because Plaintiff did not initially serve his requests on Defendants.  ECF No. 50.  Defendants further argue that even if the motion was construed as a Request for Production, the requests were untimely under the court's scheduling order that required discovery to be completed by December 19, 2012.  *Id.*  Because it appears that Plaintiff did not serve his requests on Defendants prior to moving to compel the Defendants to respond to his discovery requests, Plaintiff's Motion to Compel, ECF No. 46, is denied.

On December 17, 2012, Plaintiff filed a Motion for Extension of Time to Complete Discovery contending that he has been "trying to gain discovery, in good faith, without piling the requests on the Defendants." ECF No. 46.  Plaintiff contends that the additional time "will allow proper responses to my discovery requests and that the ends of justice will be met by such extension."  ECF No. 46-1 at 2.  Defendants did not file a response to this motion.  Plaintiff's Motion for Extension of Time to Complete Discovery, ECF No. 46, is granted.   Discovery in this case shall be completed no later than March 25, 2013.  All other motions, except those to complete discovery, those nonwaiveable motions made pursuant to Fed. R. Civ. P. 12, shall be filed on or before May 6, 2013.

## Conclusion

Therefore, for the foregoing reasons, it is ORDERED that Plaintiff's Motion to Amend/Correct Complaint, ECF No. 42, and Motion for Extension of Time to Complete Discovery, ECF No. 46, are GRANTED.  Plaintiff's Motion to Compel, ECF No. 45, is DENIED.

    IT IS SO ORDERED.

January 23, 2013                                              Kaymani D. West
Florence, South Carolina                      United States Magistrate Judge