IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Randall Brawner,             )<br>                                    )<br>            Plaintiff,               )<br>                                    )<br>    v.                              )<br>                                    )<br>Leroy Cartledge; Steven Lewis; J. Parker; )<br>Frank Mursier; Harrison; James Sligh; )<br>Dennis Patterson; all sued in their )<br>individual capacities,              )<br>                                    )<br>            Defendants.              )<br>_____ ) | No. 5:12-cv-1889-RMG<br><br>**ORDER** |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending the Court grant Defendants' motion for summary judgment. (Dkt. No. 148). For the reasons set forth below, the Court agrees with and adopts the R&R as the order of the Court.

**Background**

Plaintiff, a state prisoner proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) DSC, this matter was referred to a United States Magistrate Judge for pretrial proceedings. Defendants then filed a motion for summary judgment. (Dkt. No. 81). Plaintiff filed a response in opposition to the motion, (Dkt. No. 138), and Defendants filed a reply, (Dkt. No. 140). The Magistrate Judge then issued the present R&R recommending the Court grant the motion for summary judgment. (Dkt. No. 148). Plaintiff then filed objections to the R&R, (Dkt. No. 158), and Defendants filed a reply, (Dkt. No. 165).

1

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## Discussion

After review of the record, the R&R, and Plaintiff's objections, the Court finds that the Magistrate Judge applied sound legal principles to the facts of this case and therefore agrees with and adopts the R&R as the order of the Court. The Court finds that Plaintiff's claims for a due process violation, cruel and unusual punishment, failure to process grievances, equal protection, and conspiracy were all properly dismissed by the Magistrate Judge under Rule 56 of the Federal Rules of Civil Procedure.

Plaintiff's objections are unavailing. Plaintiff claims his due process rights were violated when he and other prisoners in pink jumpsuits were placed in lockdown at 6 p.m. instead of the usual 11:15 p.m. Plaintiff argues that prison policies provide him a liberty interest in access to certain programs and activities which he was denied by his early lockdown. The Court, however, finds the Magistrate Judge properly considered and applied the standard announced in *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995), that liberty interests protected by the due process clause are limited to those that create "an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Here, Plaintiff failed to state an atypical or

significant hardship. Further, it is well established that a prisoner has no recognized liberty interest in a particular security classification or prison placement. *Hewitt v. Helms*, 459 U.S. 460, 468 (1983).

Plaintiff also objects to the Magistrate Judge's finding as to his claim for cruel and unusual punishment. This claim arises from Plaintiff's allegation that he was held in a shower stall for four hours instead of a normal holding cell. The Court agrees this fails to establish a serious deprivation of a basic human need as required to state a claim under the Eighth Amendment. *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991).

Plaintiff's claim arising from the alleged improper handling of his grievances was also properly dismissed because prisoners have no constitutional right to a grievance process. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994).

Plaintiff's equal protection claim also fails. "To succeed on an equal protection claim, a prisoner must first show that he was treated differently from others who were similarly situated and that the unequal treatment resulted from intentional or purposeful discrimination. Once he makes this showing, the prisoner must allege facts that, if true, would demonstrate that the disparate treatment lacks justification under the requisite level of scrutiny." *Daye v. Rubenstein*, 417 Fed. App'x 317, 318-19 (4th Cir. 2011). "In a prison context, . . . we must determine whether the disparate treatment is reasonably related to [any] legitimate penological interests." *Veney v. Wyche*, 293 F.3d 726, 732 (4th Cir. 2002). In the present case, the cell restrictions about which Plaintiff complains applied equally to all prisoners required to wear pink jumpsuits. Thus, he does not show he was treated differently from other similar situated prisoners. Further, the policy requiring pink jumpsuits and the attendant restrictions are rationally related to

legitimate penological interests. *Williams v. Ozmint*, 726 F. Supp. 2d 589, 593 (D.S.C. 2010) (discussing pink jumpsuit policy).

Finally, the Court agrees with the Magistrate Judge that Plaintiff's claim for conspiracy must also be dismissed because he fails to show any violation of a constitutional right. *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996) ("To establish a civil conspiracy under § 1983, [the plaintiff] must present evidence that the [defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [his] deprivation of a constitutional right.").

## Conclusion

For the reasons set forth above, the Court agrees with and adopts the R&R as the order of the Court. (Dkt. No. 148).

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

March _11_, 2014
Charleston, South Carolina

4